IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH G. ESSEX,<br><br>**Plaintiff,**<br><br>v.<br><br>PERMOBIL, INC. AND PEGGY SPILKER,<br><br>**Defendants.** | Case No. 3:24-cv-01941-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Plaintiff Essex is a citizen of Illinois who brought this action in the Circuit Court of St. Clair County, Illinois. (Doc. 1-1). In Counts I through IV of his complaint, Essex alleges that his employer Defendant Permobil Inc. failed to grant him leave under the Family and Medical Leave Act ("FMLA") including leave and reporting associated with "personal injuries," defamed him, and terminated him as a result of his disability. *Id.* In Count V of his complaint, Essex alleges that Defendant Spilker was negligent, resulting in an automobile accident. (*Id.*). Permobil is a citizen of Tennessee (*Id.*, p. 3). Spilker is a citizen of Illinois. (*Id.*, p. 10). Defendants removed this action to federal court, asserting that this Court has federal question jurisdiction, or in the alternative, diversity jurisdiction. (Doc. 1). Essex now seeks remand to state court, asserting a lack of both federal question and diversity jurisdiction. (Doc. 7). The Court finds that the two defendants were improperly joined. Accordingly, the cases should be severed, at which point the Court will determine whether subject-matter jurisdiction exists in each case.

## ANALYSIS

Essex filed a single lawsuit against two parties. Federal Rule of Civil Procedure 20(a) imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by each plaintiff or against each defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all the parties will arise in the action. FED. R. CIV. P. 20(a). Put simply, a plaintiff may put in one complaint every claim of any kind against a single defendant, but a complaint may present two claims against different defendants in the same complaint only if both claims arise out of the same transaction, occurrence, or series of transactions or occurrences. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). The district judge is then entitled to sever the suit or order separate trials. *Lee v. Cook Cnty.*, 635 F.3d 969, 971 (7th Cir. 2011) (citing FED. R. CIV. P. 20(b), 21). Rule 21 of the Federal Rules of Civil Procedure grants district courts broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants. *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

Here, Essex's allegations against Permobil and Spilker stem from entirely different occurrences and allege entirely different torts. The allegations against Permobil sound in breach of contract pertaining to employment law, but those against Spilker sound entirely in tort. The former involves an employer-employee dispute, and the latter involves a vehicle accident. The Court determines that the defendants were improperly joined, and that the claims against each party must be severed so that jurisdiction may be evaluated separately as to each.

CONCLUSION

When a federal civil action is severed, it is not dismissed. Instead, the clerk of court creates multiple docket numbers for the action already on file, and the severed claims proceed as if suits had been filed separately. *Lee*, 635 F.3d at 971. **IT IS ORDERED** that Count V of the complaint shall be severed into a new case, which shall be captioned: "JOSEPH G. ESSEX, Plaintiff vs. PEGGY SPILKER, Defendant. The Clerk of Court is **DIRECTED** to file the following documents in the newly severed case:

1) Notice of Removal (Doc. 1);

2) This Memorandum and Order Severing Case.

Moreover, Essex shall file an amended complaint in this case as well as the newly severed case on or before 1/2/2025.

**IT IS SO ORDERED.**

DATED:  December 11, 2024

s/ *Stephen P. McGlynn*
STEPHEN P. McGLYNN
U.S. District Judge