IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOSEPH G. ESSEX,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**PERMOBIL, INC.,**<br><br>      **Defendant.** | **Case No. 24-cv-01941-SPM** |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is Plaintiff Joseph G. Essex's ("Essex's") Motion to Strike Defendant Permobil, Inc.'s ("Permobil's") Motion for Summary Judgment (Doc. 22). For the reasons stated below, the Court **DENIES** the motion.

### BACKGROUND

Essex originally brought this action in the Circuit Court of St. Clair County, Illinois against two defendants, Permobil and Peggy Spilker. (Doc. 1, Ex. A). In his original complaint, Essex alleges that his employer Permobil failed to grant him leave under the Family and Medical Leave Act ("FMLA") including leave and reporting associated with "personal injuries," defamed him, and terminated him as a result of his disability. (*Id.*). Essex alleged that Spilker was negligent, resulting in an automobile accident, leading to the personal injuries that serve as the impetus for his cause of action against Permobil. (*Id.*). Permobil removed this action to federal court, asserting that this Court has federal question jurisdiction, or in the alternative, diversity jurisdiction. (*Id.*). This Court determined that because the causes of action

were entirely unrelated, the Defendants were improperly joined, and therefore severed the case. (Doc. 13). Essex filed his Amended Complaint on January 2, 2025. (Doc. 14). Rather than filing an answer or motion to dismiss, Permobil filed a Motion for Summary Judgment. (Doc. 19). Essex filed a Motion to Strike the Motion for Summary Judgment on March 27, 2025. (Doc. 22). Permobil filed a Reply on April 10, 2025. (Doc. 23). Essex argues that Permobil's Motion for Summary Judgment should be struck because the Motion improperly makes arguments pertaining to the sufficiency of the pleadings, misrepresents the facts by cherry-picking only favorable evidence, uses evidence that would be inadmissible at trial, and relies on the affidavits of witnesses that Essex has been unable to depose, rendering the motion premature. (*See* Doc. 22).

## ANALYSIS

The Court first addresses Essex's argument that Permobil's motion is improper because it is "an attack on the sufficiency of the complaint allegations rather than on a motion that posits there is no genuine factual dispute." (Doc. 22, p. 4). However, there is no substantive difference between a motion to dismiss and a motion for summary judgment. The only difference is what is considered by the Court. "[I]f documents outside of the pleadings are placed before a district court, and not excluded, the court must convert the defendant's 12(b)(6) motion to one for summary judgment and afford the plaintiff an opportunity to submit additional evidentiary material of his or her own." *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) (citing *Carter v. Stanton*, 405 U.S. 669, 671 (1972) (per curiam)); *Beam v. IPCO Corp.*, 838 F.2d 242, 244–45 (7th Cir. 1988). It logically

follows, and Essex provides no caselaw to the contrary, that arguments addressing the sufficiency of the pleadings may be included in a motion for summary judgment. Motions for summary judgment argue, as do motions to dismiss, that claims are legally insufficient, with the only difference being that the former use facts from the record as support and the latter only considers the sufficiency of the pleadings. Essex's argument is insufficient on this point.

The Court next evaluates Essex's argument that Permobil selectively cited favorable evidence while omitting unfavorable material facts. (*See* Doc. 22, p. 2–3). First, considering that this argument was made in the context of a motion to strike, it is unclear what relief Essex is seeking. In other words, it is unclear to the Court what should be struck. There is no indication whether Essex would like the statement of material facts, parts of the record itself, or both, to be struck. "A motion to strike must state with particularity the grounds therefor and set forth the nature of relief or type of order sought." *Credit General Ins. Co. v. Midwest Indem. Corp.*, 916 F. Supp. 766, 771 (N.D. Ill. 1996). Thus, the Motion is procedurally flawed. Moreover, this argument suffers from a substantive flaw, as well. When evaluating a motion for summary judgment, the Court evaluates admissible evidence *in the record. Bennett v. Roberts*, 295 F.3d 687, 694 (7th Cir. 2002) (emphasis added). The Court evaluates the factual record, not one party's statement of material facts. Thus, Essex's argument that Permobil misrepresents the record through its statement of material facts does not provide legal grounds for granting a motion to strike. Moreover, "[t]he mere denial of a particular fact without specific references to affidavits, parts of the record, and other supporting materials is insufficient, and, where a properly supported factual assertion

is met with such a naked denial, the fact may be deemed admitted." *Fuller v. Caterpillar Inc.*, 124 F. Supp. 2d 610, 614 (N.D. Ill. 2000). Essex may not simply deny the facts proffered by Permobil, nor state that they misrepresent the record, without his own statement of facts that cite to the record.

Next, the Court considers Essex's contention that Court should exclude the declarations in support of Permobil's Motion for Summary Judgment because the affiants were not disclosed as witnesses under Rule 26(a), and, therefore, the respective affidavits are inadmissible evidence. (*See* Doc. 26, pp. 5–6). Essex's argument is misplaced. The submissions by a party opposing a motion for summary judgment need not themselves be in a form that is admissible at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment."). Therefore, the mere fact that the affiants have not been disclosed as witnesses under Rule 26(a) does not preclude Permobil from introducing their statements into the record for purposes of summary judgment.

Finally, the Court considers Essex's argument that the motion is premature. (*See* Doc. 26, p. 6). Under the Federal Rules of Civil Procedure, a party "may move for summary judgment at any time." *Am. Nurses' Ass'n v. Illinois*, 783 F.2d 716, 729 (7th Cir. 1986). "The fact that discovery is not complete—indeed, has not begun—need not defeat the [summary judgment] motion." *Id*. Where a party requires additional discovery to oppose a motion for summary judgment, federal law sets forth specific procedures for obtaining such discovery. Under federal law, "[w]hen a party thinks it needs additional discovery in order to oppose a motion for summary judgment . . . Rule

56(f) [now Rule 56(d)] of the Federal Rules of Civil Procedure provides a simple procedure for requesting relief: move for a continuance and submit an affidavit explaining why the additional discovery is necessary." *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006). A party seeking Rule 56(d)'s protection must make a good faith showing that it cannot respond to the movant's affidavit. *Kalis v. Colgate–Palmolive Co.*, 231 F.3d 1049, 1058 n.5 (7th Cir. 2000). This requires an affidavit from the nonmovant specifically identifying the material facts that it anticipates discovering. *See Grundstat v. Ritt*, 166 F.3d 867, 873 (7th Cir. 1999) (finding vague assertions that discovery would develop genuine issues of material fact insufficient to grant continuance). Rule 56(d) "requires a party opposing summary judgment to do more than request a 'fishing expedition' in the hope of finding evidence sufficient to establish the existence of a genuine issue of material fact." *Cima v. WellPoint Health Networks, Inc.*, 556 F. Supp. 2d 901, 905 (S.D. Ill. 2008) (citing *Davis v. G.N. Mortgage Corp.*, 396 F.3d 869, 885 (7th Cir. 2005)). Specifically, requests for additional discovery must be specific, cannot be based upon speculation, and must demonstrate how discovery would be likely to reveal genuine disputes of material fact. *Trzeciak v. State Farm Fire & Cas. Co.*, 809 F. Supp. 2d 900, 905 (N.D. Ind. 2011) (citing *Davis*, 396 F.3d at 885; *Woods v. City of Chicago*, 234 F.3d 979, 990 (7th Cir. 2000)). The affidavit attached to the motion does not meet any of these criteria. It does not state what information Essex anticipates obtaining through discovery, nor how this information will create a genuine dispute of material fact. It fails to explain why discovery is needed or what specifically would be sought through discovery. Instead, it merely states that "Plaintiff is unable to respond to Defendant's Motion for

Summary Judgment at this time as discovery has not opened, Defendant has not answered discovery, and Defendant has attached affidavits of witnesses that Plaintiff will need to depose." (Doc. 22, Ex. A). This statement lacks the requisite specificity that is required by established caselaw for a Rule 56(a) affidavit. Accordingly, the Court rejects Essex's motion on this ground, as well.

## CONCLUSION

For the reasons discussed above, Plaintiff Joseph Essex's Motion to Strike Defendant Permobil Inc.'s Motion for Summary Judgment (Doc. 22) is **DENIED**. As a courtesy, Essex will be given until June 16, 2025, to either file a response to Permobil's Motion for Summary Judgment or file an amended motion pursuant to Federal Rule of Civil Procedure 56(d) with the requisite affidavit.

**IT IS SO ORDERED.**

**DATED:  May 16, 2025**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
