## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOSEPH G. ESSEX,**

      **Plaintiff,**

**v.**

                         **Case No. 24-CV-01941-SPM**

**PERMOBIL, INC.,**

      **Defendant.**

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is Permobil Inc.'s Motion for Reconsideration or, in the alternative, Certification of Issues for Interlocutory Appeal. (Doc. 48). Also before the Court is Joseph Essex's Motion for Leave to File a Sur-Reply. (Doc. 59). Having been fully informed of the issues presented, both Permobil and Essex's respective Motions are **DENIED**.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This matter arises from a September 15, 2023, car accident involving Essex and Peggy Spilker during which Essex allegedly "sustained severe and permanent injuries." (Doc. 1, Ex. B, ¶ 6).[1] Essex is a citizen and resident of Collinsville, Illinois, and was employed by Permobil as a Maintenance Technician III. (*Id.*, Ex. B, ¶¶ 3–5). Permobil is a Tennessee corporation and provides mobility solutions to people with disabilities. (Doc. 4, p. 2); *Our History*, PERMOBIL, https://www.permobil.com/en-

---

[1] Spilker was driving the other vehicle involved in the accident with Essex. (Doc. 1, Ex. B, ¶¶ 4–5). Spilker was named in the original complaint but was later severed from this suit because the Court found no common question of law or fact between her and Permobil. (*Id.*, Ex. B; Doc. 13, p. 2).

us/this-is-permobil/our-history (last visited Apr. 22, 2026). After Essex sustained his injuries, Permobil approved Essex's initial request for leave under the Family and Medical Leave Act ("FMLA") while he was receiving medical care. (Doc. 1, Ex. B, ¶ 6; Doc 20, ¶ 3). However, in January 2024, Permobil terminated his employment. (Doc. 14, p. 3; Doc. 20, ¶ 14).

In response, Essex filed an initial Complainant Information Sheet ("CIS") on July 2, 2024, with the Illinois Department of Human Rights ("IDHR") alleging discrimination in connection with his medical condition and subsequent termination. (Doc. 14, p. 7). Eight days later, he filed a civil action in Illinois Circuit Court. (Doc. 1, Ex. B). His original complaint alleged that Permobil failed to grant him subsequent FMLA leave requests associated with his personal injuries, defamed him, and terminated him because of his disability. (*Id.*, Ex. B). Permobil removed this action to federal court based on diversity jurisdiction. (*Id.*, ¶¶ 27–38).[2]

On January 2, 2025, Essex amended his Complaint, removing claims against Spilker and leaving the following claims against Permobil: (1) breach of contract; (2) defamation *per se*; (3) negligence; and (4) discrimination. (Doc. 14). On January 8, 2025, Essex officially perfected his charge with the IDHR. (Doc. 20, ¶ 19; Doc. 49, p. 2 (citing Doc. 29, Ex. A, pp. 158–61)).

---

[2] Originally, Permobil removed this matter pursuant to federal-question jurisdiction under 28 U.S.C. § 1331 and, in the alternative, diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1, p. 1). However, the federal-question basis rested solely on Count One, which Permobil asserted was properly construed as an FMLA claim. (*Id.*, ¶¶ 25–26). Because the Court dismissed Count One at summary judgment (Doc. 38), the only remaining basis for subject-matter jurisdiction is diversity jurisdiction under § 1332, as both parties alleged complete diversity and an amount in controversy exceeding $75,000. (*Id.*, ¶¶ 27–38; Doc. 14).

Rather than filing an answer or motion to dismiss, Permobil filed a Motion for Summary Judgment. (Doc. 19). The Court granted Permobil's Motion in part and denied it in part, dismissing Counts One and Three with prejudice, but allowing Counts Two and Four to proceed to discovery. (Doc. 38, pp. 17–18). On October 27, 2025, Permobil filed the instant Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 54(b), arguing that the Court's Order "contain[ed] errors of law and fact warranting reconsideration." (Doc. 48, p. 1). Permobil primarily challenges the Court's application of judicial estoppel, which prevented Permobil from arguing that Essex had failed to exhaust his administrative remedies. (*Id.*, pp. 1–2).

Essex filed a Response to the Motion (Doc. 53), and Permobil followed with a Reply (Doc. 57). Essex then moved for leave to file a Sur-Reply, asserting that Permobil raised new arguments and evidence in its Reply. (Doc. 59). Permobil responded to that motion (Doc. 60), and Essex submitted a Reply in support (Doc. 61).

### APPLICABLE LAW AND LEGAL STANDARD

Rule 54(b) of the Federal Rules of Civil Procedure allows a court to reconsider an interlocutory ruling "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Such motions are disfavored and are construed narrowly. They serve the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence. *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). Thus, a motion to reconsider is proper when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an

error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation modified). It is not a vehicle for a party to undo its own procedural failures, introduce new evidence, or "advance arguments that could and should have been presented to the district court prior to the judgment." *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000) (citation modified).

### ANALYSIS

In their present Motion, Permobil argues that this Court's Memorandum and Order of September 26, 2025 (Doc. 38), "contains errors of law and fact warranting reconsideration under FED. R. CIV. P. 54(b)." (Doc. 48, p. 1). Permobil also requests, in the alternative, certification of issues for interlocutory appeal under 28 U.S.C. 1292(b). (*Id.*, p. 2).

### I.    Motion for Reconsideration

Permobil's Motion for Reconsideration rests on its assertion that this Court committed manifest legal error when it applied judicial estoppel to bar Permobil from arguing Essex failed to exhaust his administrative remedies under the IHRA. (*Id.*, ¶ 3).[3] Permobil also argues that the Court applied the wrong legal standard for IHRA exhaustion. (*Id.*).

---

[3] Permobil contends that the Court erred by (1) "finding jurisdiction over Plaintiff's IHRA claim despite his failure to exhaust administrative remedies," (2) "improperly applying judicial estoppel to excuse Plaintiff's non-compliance with jurisdictional mandates," and (3) using judicial estoppel to prevent Action." (Doc. 48, ¶ 3). Since each of these arguments turn on whether the IHRA's exhaustion requirement is jurisdictional, and because the Court rejects that premise, the arguments are addressed and resolved together.

Under the IHRA, a plaintiff must exhaust administrative remedies prior to bringing suit. *Jafri v. Signal Funding, LLC*, No. 22-2394, 2022 WL 17718429, at *2 (7th Cir. Dec. 15, 2022) (citing *Garcia v. Village of Mt. Prospect*, 360 F.3d 630, 640 (7th Cir. 2004)). *See also Black v. Jeevanandam*, 2022 IL App (1st) 210694-U, ¶ 37. To bring a claim under the IHRA, a discrimination charge must be filed with the IDHR or with the EEOC within two years of the alleged violation. *See* 775 ILCS §§ 5/7A-102(A)(1), (A-1)(1) (2020); *Bakhtiari v. Doe*, No. 22 C 2406, 2023 WL 415548, at *4 (N.D. Ill. Jan. 25, 2023). Once a charge is filed, the IDHR investigates whether the allegations are supported by substantial evidence. *Id.* at § 5/7A-102(C)(1); *Principe v. Vill. of Melrose Park*, No. 20 CV 1545, 2020 WL 4815908, at *4 (N.D. Ill. Aug. 18, 2020).

In most cases, a complainant must wait for the IDHR's determination before seeking judicial review. *See id.*, §§ 5/7A-102(D)(3), 5/8-111(B)(1). The IHRA provides two exit mechanisms: (1) a 60-day opt-out after service of the charge, *id.* § 5/7A-102(C-1); and (2) a right-to-sue request if the IDHR fails to issue a report within one year, *id.* §§ 5/7A-102(G)(1)–(2). Apart from these early-exit mechanisms, the IHRA also provides pathways to court once the investigation is completed, and those avenues which depend on whether the IDHR finds substantial evidence or dismisses the charge. *See id.* §§ 5/7A-102(D)(3)–(4).

The Court previously concluded that Essex did not properly invoke any IHRA mechanisms permitting him to file suit. (Doc. 38, p. 15). He did not exercise the 60-day opt-out, did not request a right-to-sue notice after 365 days, and did not wait for the

IDHR's determination. (*Id.*). Instead, Essex filed suit in state court only eight days after submitting his IHRA charge. (*Id.*). Permobil sought to use this procedural defect to defeat Essex's claims. (*Id.*, p. 16 (citing Doc. 19, p. 2; Doc. 29, pp. 2–3)). But rather than raising these issues before the state court, Permobil removed the case to federal court, relying on the federal action as a basis to prompt the IDHR to dismiss Essex's charge, and subsequently invoked that dismissal as grounds for seeking dismissal here. (Doc. 1; Doc. 20, pp. 14–16; Doc. 33, Ex. A; Doc. 38, p. 16).

The Court took issue with this approach and judicially estopped Permobil from asserting any exhaustion arguments. (Doc. 38, pp. 15–17). Permobil now argues that by doing so, the Court effectively used estoppel to confer subject matter jurisdiction upon itself. (Doc. 49, p. 14). That argument succeeds only if IHRA exhaustion is jurisdictional in federal court, but the Court concludes it is not.

"Jurisdiction" refers to "a court's adjudicatory authority." *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004). Thus, "jurisdictional" properly applies only to "prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction)" implicating that authority. *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 154 (2010) (citing *Kontrick*, 540 U.S. at 455). "The jurisdiction of the federal courts—their power to adjudicate—is a grant of authority to them by Congress." *Goetzke v. Ferro Corp.*, 280 F.3d 766, 778–79 (7th Cir. 2002) (citing *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 167 (1939)). Once Congress

confers jurisdiction, "state law cannot expand or contract that grant of authority." *Id.* at 779.[4]

Here, the federal diversity statute, 28 U.S.C. § 1332, conferred subject matter jurisdiction on this Court to adjudicate Essex's claims, including his claims under the IHRA. Neither party disputes that there is complete diversity of citizenship or a sufficient amount in controversy. Even if Illinois courts describe IHRA exhaustion as "jurisdictional," which they do,[5] that label has no effect on the jurisdiction of a federal court sitting in diversity. *Thompson v. Cope*, 900 F.3d 414, 425 (7th Cir. 2018) ("A jurisdictional label under state law does not affect a federal court's subject-matter jurisdiction because 'state law cannot enlarge or contract federal jurisdiction.'" (quoting *Jarrard v. CDI Telecomms., Inc.*, 408 F.3d 905, 909 n.3 (7th Cir. 2005))). District courts throughout this Circuit have consistently applied this rule, concluding that state law exhaustion requirements do not limit federal jurisdiction. *See, e.g., Gaertner v. Commemorative Brands, Inc.*, No. 23-CV-02452-SPM, 2025 WL 931290, at *6 (S.D. Ill. Mar. 27, 2025); *Does 1-4 v. Butler Univ.*, 712 F. Supp. 3d 1154, 1157 (S.D. Ind. 2024); *Vale Park Animal Hosp., LLC v. Project 64*, LLC, 611 F. Supp. 3d 600, 606 (N.D. Ind. 2020); *Access Care MSO, LLC v. Oberheiden L. Grp. PLLC*, No.

---

[4] Several other circuits have likewise held that state substantive law cannot deprive a federal court of its diversity jurisdiction. *See, e.g., Blanyar v. Genova Prods. Inc.*, 861 F.3d 426, 431 (3d Cir. 2017); *Mullen v. Acad. Life Ins. Co.*, 705 F.2d 971, 975 (8th Cir. 1983); *Dominion Nat. Bank v. Olsen*, 771 F.2d 108, 116 n.2 (6th Cir. 1985); *Begay v. Kerr-McGee Corp.*, 682 F.2d 1311, 1316 (9th Cir. 1982).

[5] Illinois courts have repeatedly concluded that the IHRA exhaustion requirement is jurisdictional. *See e.g., Delaney v. City of Chicago*, 2024 IL App (1st) 230917-U; *Jeevanandam*, 2022 IL App (1st) 210694-U; *Gillard v. Bd. of Trs. of Cmty. Coll. Dist. No. 508*, 2018 IL App (1st) 171083-U; *see also People v. NL Industries*, 152 Ill. 2d 82, 95 (1992) ("under the doctrine of exhaustion of remedies, a party must first pursue all administrative remedies provided for by the statute before turning to review in the courts.").

18-C-7273, 2019 WL 1451147, at \*3 (N.D. Ill. Apr. 2, 2019); *First Transit, Inc. v. City of Racine*, 359 F. Supp. 2d 782, 785 (E.D. Wis. 2005).

The Seventh Circuit has made clear that state-law exhaustion requirements are not jurisdictional in federal court. In *Thompson*, the court held that when a defendant moves to dismiss under Rule 12(b)(1) based on a plaintiff's failure to satisfy a state-law exhaustion requirement, "federal courts should treat the motion as one to dismiss for failure to state a claim under Rule 12(b)(6)." 900 F.3d at 425. The same principle applies here. The IHRA's exhaustion requirement may be a jurisdictional condition under Illinois law, but it is not and cannot limit on a federal court's adjudicatory power.

Moreover, as *Goetzke* explains, state law cannot strip a federal court of diversity jurisdiction, but it may determine whether a plaintiff has a viable cause of action. 280 F.3d at 779. When a federal court sits in diversity, it "cannot give that which [the state] has withheld," *Angel v. Bullington*, 330 U.S. 183, 192 (1947). If state law sets statutory requirements, even if they are labeled as jurisdictional, an argument that such a requirement has not been fulfilled is properly addressed under Rule 12(b)(6), not Rule 12(b)(1). *Beach v. Owens–Corning Fiberglas Corp.*, 728 F.2d 407, 409 (7th Cir. 1984). This distinction, however, does not assist Permobil. Because the Court has already judicially estopped Permobil from asserting Essex's failure to exhaust, (Doc. 38, pp. 15–17), Permobil is barred from arguing that Essex failed to exhaust administrative remedies for the purposes of a 12(b)(6) motion.

Once exhaustion under the IHRA is properly understood as merely a necessary element to state a claim, the Court's application of judicial estoppel follows naturally.[6] Judicial estoppel prevents a party from prevailing on one position and then adopting a contradictory position to gain advantage in later proceedings. *Walton v. Bayer Corp.*, 643 F.3d 994, 1002–03 (7th Cir. 2011). Courts typically examine three factors in determining whether judicial estoppel applies: (1) whether the party's later position was "clearly inconsistent" with its earlier position; (2) whether the party against whom estoppel is asserted in a later proceeding has succeeded in persuading the court in the earlier proceeding; and (3) whether the party "seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *In re Airadigm Commc'ns, Inc.*, 616 F.3d 642, 661 (7th Cir. 2010). Because the purpose of judicial estoppel is to protect the integrity of the judicial process, courts have discretion in deciding whether to invoke the doctrine. *See New Hampshire v. Maine*, 532 U.S. 750, 751 (2001). This discretion, however, is not unlimited, as a court cannot use judicial estoppel to create subject matter jurisdiction where it otherwise would not exist. *Albecker v. Contour Prods., Inc.*, No. 09 C 00631, 2013 WL 5423843, at *10 (N.D. Ill. Sept. 27, 2013), *aff'd*, 578 F. App'x 969 (Fed. Cir. 2014) (citing *Lara v. Trominski*, 216 F.3d 487, 495 n.9 (5th Cir. 2000).

As the Court previously found, Permobil surreptitiously represented to the IDHR that Essex was pursuing his claims in federal court, which caused the agency

---

[6] Federal, not state, law governs the doctrine of judicial estoppel even in diversity cases. *See Ogden Martin Sys. of Indianapolis, Inc. v. Whiting Corp.*, 179 F.3d 523, 527 n.1 (7th Cir. 1999).

to close its investigation. (Doc. 38, pp. 15–16). Permobil then attempted to use the consequences of its own representation as a basis to argue that Essex failed to exhaust. (Doc. 19, p. 2). The IDHR relied on Permobil's statements in dismissing the charge, and Permobil now seeks to benefit from that dismissal. (*See* Doc. 33, Ex. A; Doc. 53, pp. 3–4). This is precisely the type of inconsistent conduct judicial estoppel is designed to prevent. Because exhaustion is non-jurisdictional, the Court was fully empowered to apply judicial estoppel to bar Permobil from asserting an exhaustion defense.

Permobil's remaining argument does not identify any manifest error of law or fact. Permobil contends that the Court relied on the incorrect standard when determining IHRA exhaustion by citing to *Federal Express Corp. v. Holowecki*, 552 U.S. 389 (2008), and thus applying the looser legal standard for jurisdiction under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–34. (Doc. 48, ¶ 3; Doc. 49, pp. 12–14). However, as the Court explained in its Order, *Holowecki* was cited only to determine whether Essex's CIS satisfied the statutory filing requirements, not for any jurisdictional proposition. (Doc. 38, pp. 13–14). The Court's jurisdiction rests solely on diversity grounds, which is not affected by the IHRA's administrative scheme.

Because Permobil has not shown that the Court misunderstood the parties, overlooked controlling law, or committed a manifest error of apprehension, reconsideration is inappropriate. The Court's prior ruling correctly applied the law, and Permobil's Motion offers no basis to disturb it.

## II.    Motion for Certification of Interlocutory Appeal Questions

In the alternative, Permobil requests this Court certify questions central to this Order for interlocutory appeal. (Doc. 48). Permobil asserts that the questions "involve controlling questions of law with substantial grounds for difference of opinion, and their resolution will materially advance the litigation." (*Id.*, ¶ 4). The questions proposed for certification are:

> 1. Whether a federal district court has jurisdiction over a civil claim for damages arising under the Illinois Human Rights Act (IHRA) where the plaintiff did not exhaust his administrative remedies by filing a perfected charge and allowing the Illinois Department of Human Rights (IDHR) to conclude its investigation and issue a final report of its findings before he filed the civil action.
>
> 2. Whether the equitable remedy of judicial estoppel can be used to excuse Plaintiff's failure to exhaust his administrative remedies before initiating a civil action if the exhaustion mandate is a jurisdictional condition precedent under the IHRA.
>
> 3. Whether Defendant took inconsistent positions in the proceedings by employing defenses based on multiple jurisdictional prerequisites under the IHRA because Plaintiff will be left without a remedy under the IHRA if all jurisdictional mandates in the statute are enforced by the Court and the IDHR.

(*Id.*).

Under 28 U.S.C. § 1292(b), district courts may certify interlocutory orders for appeal when: (1) the question is purely a legal one; (2) the question of law is controlling; (3) the question of law is contestable; and (4) resolution of the certified question promises to speed up the litigation. *Boone v. Ill. Dep't of Corr.,* 71 F.4th 622, 625 (7th Cir. 2023). Certification is reserved for "exceptional cases where a decision on appeal may obviate the need for protracted and expensive litigation" and "should

not be used indiscriminately for ordinary litigation." *Fed. Deposit Ins. Corp. v. First Nat. Bank of Waukesha*, 604 F. Supp. 616, 620 (E.D. Wis. 1985). Permission to take an interlocutory appeal should be granted sparingly and with discrimination. *E.E.O.C. v. Dial Corp.*, No. 99 C 3356, 2001 WL 1945088, at \*1 (N.D. Ill. Dec. 27, 2001); *see also Freeman v. Kohl & Vick Mach. Works, Inc.*, 673 F.2d 196, 201 (7th Cir. 1982) (noting that "federal law expresses strong policy against piecemeal appeals."). The Seventh Circuit has instructed district courts not to certify interlocutory orders under § 1292(b) "[u]nless *all* these criteria are satisfied." *Ahrenholz v. Bd. of Trs. of Univ. of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000) (emphasis in original).

Permobil contends that it has satisfied the four elements but offers no substantive analysis applying the statutory criteria to this case, instead relying on a conclusory assertion that its prior briefing meets the standard. (Doc. 49, p. 20). The Court is not persuaded. After review, the Court concludes that Permobil fails to show that the issue is "contestable" and that certification would "speed up the litigation." *Boone,* 71 F.4th at 625; *Ahrenholz,* 219 F.3d at 675.

To evaluate contestability, courts consider "the strength of the arguments in opposition to the challenged ruling," including whether other courts have adopted conflicting positions. *United States v. Select Med. Corp.*, No. 3:12-cv-00051-RLY-DML, 2017 WL 468276, at \*3 (S.D. Ind. Feb. 3, 2017) (citation modified). Permobil relies on Illinois courts' characterization of IHRA exhaustion as jurisdictional. (*See* Doc. 49, p. 5 (citing *Mein v. Masonite Corp.,* 485 N.E.2d 312 (Ill. 1985))). As explained above, a state court's determination that a state statute's requirement is

jurisdictional is irrelevant to a federal court's subject matter jurisdiction when sitting in diversity. *See supra*, p. 7 (citing *Thompson*, 900 F.3d at 425 and *Jarrard*, 408 F.3d at 909 n.3).

Permobil cites a series of district court and Seventh Circuit decisions to argue that failure to exhaust administrative remedies under the IHRA deprives a federal court of subject matter jurisdiction. (*See* Doc. 49, pp. 5–9) (citing *Wierciszewski v. Granite City Ill. Hosp. Co., LLC,* No. 11-120-GPM, 2011 WL 1615191, *2 (S.D. Ill. Apr. 28, 2011); *Cora v. Tootsie Roll Indus., LLC,* No 18-CV-07468, 2024 WL 1363537, *9 (N.D. Ill. Mar. 29, 2024); *Smith v. City of Chicago*, No. 18-C-8075, 2021 WL 463235 (N.D. Ill. Feb. 9, 2021), *aff'd sub nom. Smith v. Evans*, Nos. 20-2556 & 21-1431, 2022 WL 205414 (7th Cir. Jan. 24, 2022); *Copeling v. Ill. State Toll Hwy. Auth.,* No. 12-C-10316, 2014 WL 540443, at *3–5 (N.D. Ill. Feb. 11, 2014); *Prusaczyk v. Hamilton Co. Coal, LLC*, No. 3:20-CV-73-NJR, 2020 WL 5981377, *2 (S.D. Ill. Oct. 8, 2020); *Jafri*, 2022 WL 17718429; *Rabe v. United Air Lines, Inc.*, 971 F. Supp. 2d 807 (N.D. Ill. 2013); *Hill v. Target*, No. 24-C-341, 2025 WL 919614 (N.D. Ill. Mar. 26, 2025); *Ball v. Roeslein & Assoc.*, No. 20-CV-00045-NJR, 2020 WL 4673136 (S.D. Ill. Aug. 12, 2020)). But none of these cases hold that exhaustion is jurisdictional in federal court. Rather, these decisions simply recognize that exhaustion is necessary to demonstrate an IHRA claim and, therefore, warrants dismissal when a defendant properly raises that issue. *See, e.g.*, *Wierciszewski*, 2011 WL 1615191; *Cora,* 2024 WL 1363537; *Smith*, 2021 WL 463235; *Copeling*, 2014 WL 540443; *Prusaczyk*, 2020 WL 5981377; *Jafri*, 2022 WL 17718429; *Rabe*, 971 F. Supp. 2d 807; *Hill*, 2025 WL 919614; *Ball*, 2020 WL

4673136. These conclusions are consistent with *Thompson*, *Jarrard*, and *Goetzke*, which make clear that even when a state court or legislature labels a requirement as "jurisdictional," federal courts treat it as a non-jurisdictional element of the cause of action. Because none of the cases cited above dismiss the matter for lack of subject matter jurisdiction, none of them support the notion that IHRA exhaustion is necessary for a federal court to exercise jurisdiction.

The lone outlier is *Akins-Brakefield v. Philip Environmental Services Corp.*, which did explicitly conclude that failure to exhaust administrative remedies under the IHRA deprived the court of jurisdiction to hear those claims. No. 08-CV-710-DRH, 2010 WL 1032637, at *9 (S.D. Ill. Mar. 17, 2010)). That decision applied the pre-2008 statutory scheme, under which all Illinois courts lacked authority to hear IHRA claims unless the administrative process was completed, and it adopted that state-law framework without considering whether Illinois' jurisdictional limitations have any actual effect on federal subject matter jurisdiction. *Id.* at *9–12.

The Seventh Circuit has made clear that jurisdictional prescriptions by state legislatures or courts do not impact federal court jurisdiction. *Thompson*, 900 F.3d at 425. Moreover, the Seventh Circuit recently noted in an unpublished and unprecedential opinion that exhaustion under the IHRA is nonjurisdictional. *Thomas v. Chi. Teachers' Pension Fund,* No. 25-1623, 2026 WL 165448, at *4 n.1 (7th Cir. Jan. 21, 2026) In that case, the Seventh Circuit found that since the appellant failed to challenge the district court's holding that he did not exhaust administrative remedies under the IHRA, such a challenge was waived on appeal. *Id.* (citing *Bradley v. Village*

*of University Park, Illinois*, 59 F.4th 887, 897 (7th Cir. 2023) ("An appellant may waive a non-jurisdictional issue or argument . . . by failing to raise it at all in the party's opening brief.")). Finally, a single district court's reliance on an outdated statutory scheme that no longer governs in Illinois courts does not create a substantial ground for difference of opinion for purposes of section 1292(b).

Given the binding precedent in *Thompson*, *Jarrard*, and *Goetzke*, and because no case relied upon by Permobil disrupts or questions these holdings, the Court concludes that the issue is not contestable.

Even if contestability were satisfied, certification would still be inappropriate because interlocutory review would not materially advance the litigation. *Ahrenholz*, 219 F.3d at 675. When certification is granted, the interlocutory appeal process causes significant delays that undermine litigation efficiency. District courts in the Seventh Circuit have documented that interlocutory appeals typically take six months or longer to resolve, often requiring vacation of scheduled trial dates and postponement of proceedings. *JamSports & Ent., LLC v. Paradama Prods., Inc.*, No. 02 C 2298, 2004 WL 2943649 at *4 (N.D. Ill. Dec. 20, 2004). Here, certification would likely prolong litigation rather than streamline the case. Given the totality of the circumstances, Permobil's request for certification is denied.

### III.    Motion for Leave to File Sur-Reply

Finally, this Court must address Essex's Motion for Leave to File a Sur-Reply (Doc. 59). Essex argues that Permobil raised new issues and evidence in their Reply in Support of the Motion for Reconsideration. (*Id.*, pp. 1–3).

> Defendant raised new issues and cited to Plaintiff's new deposition testimony. Not only did Defendant engage in this clearly improper action in its Reply, but it distorted, misrepresented, and took out of context cherry-picked excerpts of Plaintiff's testimony in a blatantly improper attempt to both mislead the Court and baselessly disparage both Plaintiff and his counsel.

(*Id.*, p. 3). Accordingly, Essex moves for leave of this Court to file a Sur-Reply or, in the alternative, have the improper issues and evidence struck from the record. (Doc. 59).

The Local Rules of this district provides that "under no circumstances will sur-reply briefs be accepted." SDIL-LR 7.1(a)(4) (citation modified). District courts have "considerable discretion in interpreting and applying their local rules," *Cuevas v. United States*, 317 F.3d 751, 752 (7th Cir. 2003), and the Seventh Circuit "will intrude on that discretion only where [they] are convinced that the district court made a mistake," *Bunn v. Khoury Enters., Inc.*, 753 F.3d 676, 681 (7th Cir. 2014). At the same time, the Seventh Circuit has recognized that strict adherence to local rules may yield when necessary to preserve due process. *Dr. Robert L. Meinders, D.C., Ltd. v. UnitedHealthcare, Inc.*, 800 F.3d 853, 858 (7th Cir. 2015) ("When strict adherence to local rules, such as S.D. Ill. L.R. 7.1(c)'s proscription on sur-reply briefs, threatens to deprive a litigant of the opportunity to respond, the local rules must give way to considerations of due process and fundamental fairness."). Relief is warranted only where the reply brief rests primarily on "a novel legal theory and new evidence" to which the opposing party had no opportunity to respond. *Id.* The Court concludes this is not such a case.

Although Essex identifies the use of new evidence—namely, excerpts from his deposition—he does not identify any specific newly raised legal issues. Permobil, in opposing the Motion for Leave, asserts that the deposition excerpts were offered solely for impeachment in response to Essex's argument that he was unrepresented at the time he submitted his initial CIS. (Doc. 60, ¶ 11). Permobil explains that it included the evidence because the Court had previously relied on Essex's statements to conclude otherwise. (*Id.* (citing Doc. 57, pp. 2–3)). Permobil further argues that they did not "cherry pick" the evidence because the entire transcript of the deposition was included for review. (*Id.*).

More importantly, the dispute over the deposition excerpts does not affect the core issue presented in the Motion for Reconsideration: whether judicial estoppel bars Permobil from asserting an exhaustion defense. The question of whether Essex was represented at the time he submitted his CIS was not material to the Court's analysis and was not relied upon in resolving the Motion for Reconsideration. Thus, even assuming the Reply included new evidence, it does not rise to the level required to override the Local Rule's prohibition on sur-replies.

Because the issues raised in the Motion for Leave do not meaningfully impact the Court's reconsideration analysis, and because Essex has not demonstrated the type of "novel legal theory and new evidence" contemplated by *Meinders*, the Court concludes that he has not met the standard necessary to overcome the Local Rule. Accordingly, the Motion for Leave to File a Sur-Reply shall be denied.

CONCLUSION

For the reasons set forth above, Permobil's Motion for Reconsideration (Doc. 48), and Essex's Motion for Leave to File a Sur-Reply (Doc. 59) are both **DENIED**.

**IT IS SO ORDERED.**

**DATED: May 7, 2026**


s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**